STEPHEN GALE *& ux. versus* CALVIN EDWARDS *& als.*

Where the reversionary interest to land leased is conveyed by the owner, and, before the first quarter's rent is due under the lease, without any reservation to the grantor in his deed, expressed in language fit and appropriate, the rent will pass by the deed.

Where the deed conveying such reversion, declares the premises are "subject to the lease," describing it, and the grantor covenants to defend against all lawful claims, &c., "except said lessees or assigns;"—these words are only intended as a protection against the general covenants of warranty, against the claims and demands of the lessees, and not the grantor's claims against them.

·ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.
COVENANT BROKEN.

This action was to recover rent under a lease dated June 2, 1854, to take effect April 22, 1855, in which the defendants covenanted to pay "the annual ground rent of $240, payable quarterly."

The defendants put in a copy of a deed of the premises from the plaintiffs to John M. Wood, dated May 15, 1855, in which, immediately following a description of the premises, occurred the following clause : —

"Subject also to a certain indenture of lease of said premises, made by the grantors herein named to Calvin Edwards, William G. Twombly, and Henry S. Edwards, on the second day of June, 1854, and recorded in said registry, book 250, pages 496 and 497, to which reference is had."

The deed contained a covenant that the premises "were free of all incumbrances *except that above mentioned;*" and that the grantors would warrant and defend the premises "against the lawful claims and demands of all persons, *except said lessees or assigns.*"

The view taken by the Court renders a report of the exceptions as to admissibility of evidence unnecessary.

*Rand*, for the plaintiffs.

*J. C. Woodman & M. B. Butler*, for the defendants.

The opinion of the Court was drawn by

CUTTING, J. — We are satisfied with the correctness of the verdict, as this case is presented on the documentary evidence, which renders a consideration of the exceptions, as to the admissibility of the parol evidence, immaterial.

The lease introduced by the plaintiffs from them to the defendants bears date June 2d, 1854, to take effect on April 22d, 1855. The deed introduced by the defendants from the plaintiffs to John M. Wood, conveying the same leased premises, is dated May 15th, 1855, only twenty-three days after the lease became operative.

This grant to Wood conveyed to him a reversionary interest in fee, and the rent was incident to such reversion and passed with it. The numerous authorities cited by the defendants' counsel fully sustain this proposition. The legal claim for rent was then transferred to Wood, who, in his own name, alone, could maintain an action for it, unless it was reserved to the grantors in their deed, in language fit and appropriate for such a reservation; none such was inserted, but words only intended as a protection against the general covenants of warranty, against "the claims and demands of the lessees," and not the grantor's claims against them. *Exceptions not sustained.*

*Judgment on the verdict.*

APPLETON, C. J., DAVIS, WALTON, DICKERSON and BARROWS, JJ., concurred.